**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIPE SEGUNDO-LUCAS, AKA Andres Perez,<br><br>             Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>             Respondent. | No.   15-71871<br><br>Agency No. A095-789-779<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and MCKEOWN, Circuit Judges.

Felipe Segundo-Lucas, a native and citizen of Mexico, petitions for review

of the Board of Immigrations Appeals' ("BIA") order dismissing his appeal from

an immigration judge's decision denying his applications for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings, *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019), and we deny the petition.

Regarding his claims for asylum and withholding of removal, substantial evidence supports the BIA's determination that Segundo-Lucas did not establish a fear of persecution based on his status in a protected social group on the basis of his family ties. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481–84 (1992) (noting requirement of a nexus between alleged fear of persecution and membership in a particular social group); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Segundo-Lucas did not present evidence that he would personally be targeted by any individuals upon his return to Mexico. Giving deference to the BIA, *see Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), we determine that Segundo-Lucas did not establish a nexus between his fear of

2

persecution and his family ties so as to be eligible for withholding of removal or asylum.

The BIA did not err in determining that Segundo-Lucas did not establish membership in a cognizable social group, as we have held that Mexican returnees from the United States do not constitute a particular social group. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010). Segundo-Lucas presents no evidence warranting a departure from such precedent.

Moreover, substantial evidence supports the BIA's determination that Segundo-Lucas is not eligible for CAT relief. Segundo-Lucas testified that he did not explicitly fear harm upon his return to Mexico, and that he was not sure that his sister's kidnappers would continue to target him, rendering any fear of harm too speculative to afford relief. *Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**